IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ISMAEL HERNANDEZ PADILLA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:21-CV-1517-L-BT** |
| | § | |
| **CITY OR MUNICIPALITY OF DALLAS** | § | |
| **COUNTY, TX; 5TH DISTRICT COURT** | § | |
| **DALLAS COUNTY, TX; ISHMEN NLN;** | § | |
| **TX COURT OF CRIMINAL APPEALS;** | § | |
| **and GREG ABBOTT, Gov. of Texas,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On July 2, 2021, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 4) ("Report"), recommending that the court dismiss this action as barred by the three-strikes provision of 28 U.S.C. § 1915(g); and deny his Motion for Leave to Proceed In Forma Pauperis (Doc. 3), filed July 1, 2021. Plaintiff did not file objections to the Report. The magistrate judge clarifies that the recommended "dismissal is with prejudice to the refiling of an *in forma pauperis* complaint raising the same claims as presented here, but without prejudice to the refiling of this complaint with full payment of the $402.00 filing fee." Report 2. He, instead, filed a second Motion for Leave to Proceed In Forma Pauperis (Doc. 5) on July 13, 2021.

Having considered the pleadings, motions, Report, file, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses** this action as barred by § 1915(g)'s three-strikes provision and **denies** his Motion for Leave to Proceed In Forma Pauperis (Doc. 3).

**Order – Page 1**

For the same reason, the court **denies** Plaintiff's second Motion for Leave to Proceed In Forma Pauperis (Doc. 5).   Dismissal is with prejudice to the refiling of an *in forma pauperis* complaint raising the same claims as presented here, but it is without prejudice to the refiling of this complaint with full payment of the $402.00 filing fee.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.   *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   In support of this certification, the court **accepts and incorporates** by reference the Report.   *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).   Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.   *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).   Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.   The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Plaintiff has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Plaintiff appeals, he must pay the $505 fee in full immediately. As explained, however, Plaintiff may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.

**Order – Page  2**

**It is so ordered** this 30th day of July, 2021.

Sam A. Lindsay
United States District Judge